# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

SWARTZ PRIVATE EQUITY L.L.C., *a Georgia Limited Liability Company*,

Plaintiff,

-vs-

Firstgold Corp., *a Delaware Corporation, f/k/a Newgold, Inc., a Delaware Corporation*,

Defendant.

07-CV-6447-CJS-JWF

DECISION & ORDER

## APPEARANCES

For Plaintiff:  Fred G. Aten, Jr., Esq.
Harter, Secrest & Emery LLP
1600 Bausch & Lomb Place
Rochester , NY 14604-2711
(585) 232-6500

## INTRODUCTION

**Siragusa, J.** This diversity contract case is before the Court on Plaintiff's motion (Docket No. 22) for summary judgment. For the reasons stated below, the application is granted.

## FACTUAL BACKGROUND

On September 25, 2009, the Court granted defense counsel's application to withdraw, specifying in its Decision and Order:

> to inform Defendant that following counsel's withdrawal, Defendant would have thirty days in which to obtain substitute counsel, and that Defendant's failure to do so could result in the entry of a judgment for the full amount of money sought by Plaintiff….[T]he Court finds that Defendant has been adequately apprised of the need to continue to defend this litigation, and that his failure to obtain substitute counsel by August 14, 2009, could subject him to entry of a default judgment.

(Decision and Order, *Swartz Private Equity, LLC v. Firstgold Corp.*, No. 07-CV-6447-CJS-JWF (W.D.N.Y. Sept. 28, 2009), 1–2.) To date, Defendant has not responded to the pending motion

for summary judgment,[1] nor has the Court received any indication that Defendant has sought new counsel to represent its interests In this lawsuit.

The following Plaintiff's recitation of the facts is undisputed and will be deemed admitted by Defendant for the purpose of adjudicating the pending summary judgment motion. W.D.N.Y. Loc. R. Civ. P. 56.1(c) (2003).

> 1. Plaintiff Swartz Private Equity, LLC ("Swartz") is a limited liability company organized under the law of the State of Georgia with its office and principal place of business at 1120 Sanctuary Parkway, Suite 325, Alpharetta, Georgia 30004. (Complaint, ¶ 1; Docket #1).
>
> 2. Defendant Firstgold Corp ("Firstgold") is a corporation organized and existing under the laws of the State of Delaware, with its office and principle place of business at 3108 Gabbert Drive, Suite 210, Cameron Park, California 95682. (Answer; Docket # 6).
>
> 3. The documents attached to the Complaint and to the Declaration of P. Bradford Hathorn, sworn to July 13, 2009 ("Hathorn Declaration"), (collectively the "Underlying Documents") are true and correct copies of the originals of such documents and were duly executed on behalf of the parties. (Hathorn Declaration, ¶5; Answer, ¶6).
>
> 4. At the time of the execution of the Underlying Documents, Firstgold was seeking additional capital. (Hathorn Declaration, ¶4).
>
> 5. At the time of the execution of the Underlying Documents, Swartz was in a position to commit to provide the investment sought by Firstgold. (Hathorn Declaration, ¶4).
>
> 6. As a result of the execution of the Underlying Documents, Firstgold had the right to require Swartz to invest up to $20,000,000 in Firstgold. (Hathorn Declaration, ¶6).
>
> 7. Pursuant to the Registration Rights Agreement (Hathorn Declaration, Exhibit G), Firstgold had the obligation to file a registration statement with the United States Securities and Exchange Commission with respect to shares issued by it.

---

[1] Defendant did file an answer to the complaint on December 3, 2007, in which it denied most of the allegations in the complaint and raised five defenses (failure to state a claim, laches, failure to mitigate damages, statute of limitations, and that "[d]ocumentary evidence establishes a complete defense to Plaintiff's claims agasint Firstgold." (Answer, Docket No. 6.)

8. Pursuant to the terms of the First Amended Commitment Warrant (Hathorn Declaration, Exhibit C), Swartz received a warrant to purchase up to 2,000,000 shares of stock in Firstgold. (Hathorn Declaration, ¶7).

9. The aforesaid shares were to be newly issued by Firstgold, and Firstgold was required both to issue these shares and to arrange for their registration. (Hathorn Declaration, ¶8).

10. Firstgold totally failed to issue and register the shares which are the subject of the underlying documents. (Hathorn Declaration, ¶9).

11. Firstgold failed to file a registration statement with respect to the shares covered by the Underlying Documents. (Hathorn Declaration, ¶9).

12. Swartz duly exercised its rights to purchase 1,846,150 shares of Firstgold pursuant to a cashless exercise on December 22, 2003. Firstgold failed and refused to deliver these shares to Swartz. (Hathorn Declaration, ¶19;23).

13. The damages resulting from Firstgold's failure as aforesaid are calculated under Section 2(D) of the First Amended Commitment Warrant, and are based upon the highest closing price for Firstgold's common stock between the date of the exercise of the Commitment Warrant (i.e. December 22, 2003) and the present time. (Hathorn Declaration, ¶11).

14. The highest closing price for Firstgold's common stock since the date of the Commitment Warrant was $0.96. Accordingly, the damages Firstgold is entitled to recover is the sum of $1,772,306.88, plus statutory interest. (Hathorn Declaration, ¶27;).

15. Pursuant to the Warrant Antidilution Agreement (Hathorn Declaration, Exhibit H), Firstgold was required to issue an additional warrant to Swartz representing the right to purchase 64,953 shares of Firstgold's common stock. (Hathorn Declaration, ¶13).

16. Firstgold failed and refused to issue the above described additional warrant. (Hathorn Declaration, ¶14).

17. The measure of damages for the failure to issue the additional warrant is the same which is applicable to breach of the First Amendment Commitment Warrant Agreement. (Hathorn Declaration, ¶15).

18. Accordingly, Swartz is entitled to recover from Firstgold under the Warrant Antidilution Agreement the sum of $61,705.35, plus statutory interest. (Hathorn Declaration, ¶16).

19. Section 2.3.2 of the Investment Agreement (Hathorn Declaration, Exhibit D) provides for a termination fee in the event such agreement is terminated. (Hathorn Declaration, ¶28).

20. Pursuant to the terms of the Investment Agreement, such agreement automatically terminated as of October 4, 2001, and Swartz thereby became entitled to a termination fee. (Hathorn Declaration, ¶30).

21. Under Section 2.6 of the Investment Agreement, the amount of the termination fee is $200,000, and Swartz is accordingly entitled to recover such sum against Firstgold, plus statutory interest. (Hathorn Declaration, ¶31).

22. Swartz has performed all of its obligations under the Underlying Documents. (Hathorn Declaration, ¶33).

(Pl.'s Statement of Facts, Docket No. 25.)

## STANDARDS OF LAW

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. Fed. R. Civ. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996).

## ANALYSIS

Defendant has not responded to Plaintiff's motion for summary judgment, despite having been warned that judgment would enter for the damages sought in the complaint in the absence of an appearance on the motion.[2] The undisputed facts before the Court on this motion show that Plaintiff is entitled to judgment. The Court finds no basis for delaying entry of judgment further to allow Defendant additional time to defend against Plaintiff's application. Defendant has already had since October 2009 to obtain new counsel and respond to the motion. Based on the proof before the Court, Plaintiff, Swartz Private Equity, LLC, is entitled to damages in the amount of $1,772,306.88, plus statutory interest, as a result of Defendant's breach of the First Amended Commitment Warrant; plus the sum of $61,705.35, with statutory interest, for damages as a result of Defendant's breach under the Warrant Antidilution Agreement; and the termination fee of $200,000.00 as a result of Defendant's breach of the Investment Agreement, along with statutory interest.

## CONCLUSION

The Court grants Plaintiff's motion (Docket No. 22) for summary judgment. The Clerk is directed to enter judgment for Plaintiff, Swartz Private Equity, LLC, in the amount of $2,034,012.23, plus statutory interest.

IT IS SO ORDERED.

Dated: January 22, 2010
Rochester, New York

ENTER: /s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge

---

[2] *See* Decision and Order, *Swartz Private Equity, LLC v. Firstgold Corp.*, No. 07-CV-6447 (W.D.N.Y. Sep. 25, 2009) (Docket No. 32) at 2 ("ORDERED, that Defendant's failure to respond to the pending motion for summary judgment will result in the granting of the motion and entry of a judgment against Defendant for the amount sought in the complaint.").